THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | CASE NO. C19-1700-JCC |
| Plaintiff, | ORDER |
| v. | |
| USDA APHIS WILDLIFE SERVICES *et al.*, | |
| Defendants. | |

This matter comes before the Court on the parties' joint status report informing the Court that it no longer needs to retain jurisdiction over this case (Dkt. No. 21).

Plaintiff, the Center for Biological Diversity, filed this action in 2019 alleging that Defendants, the United States Department of Agriculture Animal and Plant Health Inspection Service-Wildlife Services ("APHIS-Wildlife Services") and its Deputy Administrator, were violating the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4347, and its implementing regulations, 40 C.F.R. §§ 1500-1508, by failing update their NEPA analysis regarding Mammal Damage Management activities in Washington. (*See generally* Dkt. No. 1.) Plaintiff alleged that significant new circumstances and information had emerged since APHIS-Wildlife Services prepared various Environmental Assessments ("EA") and Decisions and Findings of No Significant Impact ("FONSI") for wildlife-killing programs. (*Id.*)

In May 2020, the parties filed a notice of settlement and stipulated settlement agreement.

ORDER
C19-1700-JCC
PAGE - 1

(Dkt. No. 17.) The Court dismissed the case with prejudice but retained jurisdiction for the limited purpose of enforcing the terms of the settlement agreement. (Dkt. No. 19.) Under the terms of the settlement agreement, APHIS-Wildlife Services was required to "complete its final EA and issue either: (a) the resulting decision notice/FONSI; or (b) a finding of significance and plan to prepare an Environment Impact Statement ("EIS") for Mammal Damage Management in Washington" by April 15, 2021. (Dkt. No. 17 at 3.)

In their joint status report, the parties inform the Court that on April 7, 2021, APHIS-Wildlife Services signed a Decision and FONSI for the Final EA regarding "Mammal Damage Management in Washington." (Dkt. No. 21 at 2.) Accordingly, the Court FINDS that the parties have satisfied their obligations under the agreement and the exercise of jurisdiction is no longer necessary. The Court TERMINATES its continuing jurisdiction over the settlement agreement and DIRECTS the Clerk to close the case.

DATED this 12th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE